UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER C. JOHNSON,<br><br>                Plaintiff(s),<br>    v.<br><br>EARLY WARNING SERVICES, LLC,<br><br>                Defendant(s). | CASE NO. C25-5589-KKE<br><br>ORDER DECLINING TO ISSUE SUMMONS AND TO SHOW CAUSE |

      Plaintiff Christopher C. Johnson, representing himself, filed a complaint alleging that Defendant Early Warning Services LLC violated the Fair Credit Reporting Act ("FCRA," 15 U.S.C. § 1681), the Washington Fair Credit Reporting Act ("WFRCA," WASH. REV. CODE § 19.182), and the Washington Consumer Protection Act ("WCPA," WASH. REV. CODE § 19.86). Dkt. No. 4. Johnson applied to proceed *in forma pauperis*, and when U.S. Magistrate Judge Grady Leupold granted that application, he recommended that the Court review Johnson's complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 3.

      The Court has reviewed Johnson's complaint and finds that it fails to state a claim on which relief may be granted. Article III of the United States Constitution limits the jurisdiction of federal courts to deciding only actual "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). The doctrine of standing sets apart those "cases" and "controversies" that are of "the justiciable sort referenced in Article III[.]" *Id*. at 560.

>[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

In this case, Johnson alleges that when he requested that Defendant provide him a full file disclosure as required by the FCRA and WFCRA, Defendant requested additional documentation that he had already provided. Dkt. No. 4 ¶ 13. The complaint does not state that Defendant refused to provide Johnson's file in violation of 15 U.S.C. § 1681g(a)(1) or Section 19.182.070 of the Revised Code of Washington, but instead alleges facts suggesting that Defendant intended to comply with its obligation to ensure that Johnson provided proper identification before a file is disclosed. *See* 15 U.S.C. § 1681(h)(a)(1), WASH. REV. CODE § 19.182.080. Johnson's complaint thus alleges at most a potential future violation of the FCRA, WFCRA, or CPA, if Defendant refuses to acknowledge Johnson's identifying documents, but because Johnson's communication with Defendant appears to be ongoing and Defendant has not yet refused to provide a full file report, the complaint does not allege facts suggesting that a violation has occurred already or is likely to occur imminently. Johnson's alleged damages (Dkt. No. 4 ¶¶ 15–18) are thus predicated on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1998)). Accordingly, the Court finds that Johnson's complaint does not allege facts showing that his claim is ripe, as is necessary to establish Article III standing. *See Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009).

The Court therefore declines to issue summons at this time. Johnson is ORDERED TO SHOW CAUSE no later than August 15, 2025, why this case should not be dismissed without prejudice for lack of standing.

Dated this 16th day of July, 2025.

Kymberly K. Evanson
United States District Judge